**Opinion filed July 25, 2024**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-24-00114-CR & 11-24-00115-CR

_____

### JOHN SIMON ARMENDAREZ, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause Nos. CR23103 & CR23166**

### M E M O R A N D U M   O P I N I O N

In 2014, Appellant, John Simon Armendarez, pleaded guilty to the first-degree felony offenses of engaging in organized criminal activity and possession of a controlled substance with intent to deliver. *See* TEX. PENAL CODE ANN. § 71.02(b) (West Supp. 2023); TEX. HEALTH & SAFETY CODE ANN. § 481.112(d), (f) (West Supp. 2023). Appellant has filed an untimely notice of appeal from the trial court's judgments of conviction. We dismiss the appeals.

When these appeals were docketed, we notified Appellant by letter that his pro se notice of appeal appeared to be untimely. *See* TEX. R. APP. P. 26.2(a). In our letter, we requested that Appellant respond and show grounds to continue the appeals. Appellant has not filed a response.

Pursuant to the Texas Rules of Appellate Procedure, a notice of appeal must be filed either (1) within thirty days after the date that sentence is imposed in open court or (2) if the defendant timely files a motion for new trial, within ninety days after the date that sentence is imposed in open court. *Id.* A notice of appeal must be in writing and filed with the clerk of the trial court. TEX. R. APP. P. 25.2(c)(1). Appellant did not file a motion for new trial, and Appellant filed his pro se notice of appeal more than thirty days after his sentences were imposed in open court. The notice of appeal was therefore untimely. Absent a timely filed notice of appeal, we do not have jurisdiction to entertain these appeals. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108, 110 (Tex. Crim. App. 1993).

Accordingly, Appellant has not shown any grounds upon which these appeals may proceed. To the extent Appellant requests that we grant him an out-of-time appeal for each cause, we are not authorized to grant such a request. The Texas Court of Criminal Appeals is the only court with jurisdiction to consider a motion for an out-of-time appeal.[1] *See Ater v. Eighth Ct. of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding). Because we lack jurisdiction over his appeals, we have no jurisdiction to consider his "notice" of an out-of-time appeal. *See Gowan v. State*, No. 02-16-00140-CR, 2016 WL 2989952, at *1 (Tex. App.— Fort Worth May 19, 2016, no pet.) (mem. op., not designated for publication).

---

[1]We note that Appellant, for each cause, has sought a writ of habeas corpus from the Court of Criminal Appeals and that his petitions are currently pending in that court. *See Ex parte Armendarez*, No. WR-92,051-03, 2024 WL 3169204, at *1 (Tex. Cim. App. June 26, 2024).

We dismiss these appeals for want of jurisdiction.

W. STACY TROTTER

JUSTICE

July 25, 2024

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.